R. A. HUNT v. EUGENIA GLENN et al.

SALE OF PROPERTY OF PERSONS UNDER DISABILITY. *Witnesses.* Upon application for the sale of property of persons under disability, a witness who testified that he had agreed to purchase at a designated sum, may purchase at the sale of such property and the sale will not be void under sec. 3339 of Code.

FROM GIBSON.

Appeal from the Chancery Court at Trenton. JOHN SOMERS, Ch.

M. M. NEIL for complainant.

J. S. COOPER for defendants.

TURNEY, J., delivered the opinion of the court.

The question in this case arises upon section 3339 of the Code, ch. 3, headed "Of the sale of property of persons under disability. That section is: "No guardian, next friend or witness in such cause shall

purchase at any sale, or at any time afterwards, until five years from the removal of existing disabilities; and if any such person should make such purchase, the original sale shall become void, and the infant or married woman may bring ejectment for the land, as if no sale had been made."

The facts are, the trustee had contracted to sell the land of his *cestui que trust* to the complainant at the price of $2,000. Doubting his power under the will to consummate the sale, he resorted to the chancery court and asked a confirmation of his sale. Complainant was introduced as a witness to prove, and did prove, only that he had agreed to purchase at the price, that he was then willing to execute the contract, and his ability to carry it out. The sale was confirmed.

Complainant now seeks to avoid his purchase because he was a witness.

We do not think his testimony is of the kind contemplated by the statute to make the sale void. He does not prove the ages, circumstances and condition of the *cestui que trust*, nor what other (if any) property they owned or were entitled to, nor any cause or reason why the property should be sold, as is required under the statute referred to.

The purpose of the section cited is to protect persons under disability from the artifices of persons who may desire to own their property and may resort to unfair means, even upon the witness stand, to bring it to sale that they may purchase.

In this case the testimony of complainant is a

2—VOL. 11.

simple admission that he agreed to purchase, and was willing, with the approval of the court, to purchase at a price specified, leaving the court to find from other sources whether the facts authorizing a sale under the law existed.

The chancellor so thought, and his decree is affirmed.